DANIEL BRODERICK
Federal Defender
RACHELLE BARBOUR, Bar #185395
Research and Writing Attorney
DESIGNATED COUNSEL FOR SERVICE
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorney for Defendant
CHERYL HANSON

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. Cr. S. 08-040-EJG |
| ) | |
| Plaintiff, ) | UNOPPOSED |
| ) | MOTION TO TERMINATE |
| v. ) | PROBATION UNDER 18 U.S.C. |
| ) | § 3583(E)(1) <u>& ORDER THEREON</u> |
| CHERYL HANSON, ) | |
| ) | |
| Defendant. ) | Judge: Hon. Edward J. Garcia |
| ) | |
| _____ ) | |

Defendant, CHERYL HANSON, hereby moves the Court to terminate his term of probation pursuant to 18 U.S.C. § 3583(e)(1). Ms. Hanson was placed on 60 months of probation on July 15, 2008. She immediately paid her entire restitution of $57,108.11 and has been in full compliance of her terms of probation since then. On September 15, 2008, the U.S. Attorney's Office released its lien. (Docket. No. 15.)

In the past month, the probation office has petitioned to have Ms. Hanson placed on administrative status where she will only be required to report by mail. Originally, Ms. Hanson was put on 60 months

probation at the time of sentencing because it was anticipated that she would need the full amount of time to pay off the significant restitution balance.  However, Ms. Hanson was able to access equity in her home to pay off the balance in full immediately after sentencing.  The government has been fully paid back, and Ms. Hanson owes no additional fines or restitution.

Based on Ms. Hanson's employment and her impressive performance on probation, defense counsel moves for early termination of Ms. Hanson's supervised release.  Defense counsel has communicated with the probation officer and the government, and they do not oppose this motion.  The probation officer indicated that the policy for the Probation Office to initiate a petition to terminated supervised release is after two-thirds of the probationary period, but that he does not oppose this petition.

Title 18, section 3583(e)(1) of the United States Code permits the Court to terminate a defendant's term of probation at any time after the expiration of one year of supervision if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  Ms. Hanson has completed 18 months of probation.

Ms. Hanson's current probation officer, Michael Sipe, has certified that Ms. Hanson has completed all of the conditions of her probation.  She has satisfied all requirements of probation and owes no restitution or fine.  Ms. Hanson is not using any services through the probation office.  Mr. Sipe confirmed with defense counsel that he has no opposition to this motion for early termination of probation, and

2

but for his office's policy, that he would have initiated such a petition.

Defense counsel has provided Assistant United States Attorney Ellen Endrizzi with a draft of this motion. She has authorized defense counsel to state that she does not oppose this motion.

Ms. Hanson is fully compliant with the dictates of probation. She continued to be employed as a phlebotomist, a job that she has held for going on 16 years. She seeks to have this Court terminate her probation because she is currently up for renewal of her state licensing as a phlebotomist. She has disclosed her conviction to the state department of public health and believes that they will consider her current supervision in deciding whether to renew her license. If her license is not renewed, Ms. Hanson will no longer be able to work as a phlebotomist, a job that has nothing to do with her offense (continuing to accept her mother's Social Security payments after her death). Further, Ms. Hanson's case is very unusual because she disclosed her crime to the government, instead of waiting to be caught. Had Ms. Hanson not decided to inform the government of her continuing receipt of benefits, it is likely that she would never have been caught or charged. Accordingly, there are compelling reasons for early termination of probation.

//

//

3

As Ms. Hanson has completed all conditions of probation and requires no services from the probation office, she respectfully requests that her probation be terminated. A proposed order is attached for the Court's convenience.

Respectfully submitted,

DANIEL J. BRODERICK
Federal Defender

DATED: January 15, 2010           /s/Rachelle Barbour

```
                                  _____
                                  RACHELLE BARBOUR
                                  Research and Writing Attorney
                                  Attorney for Defendant
```

**O R D E R**

IT IS HEREBY ORDERED that Cheryl Hanson's term of probation be terminated as of the date of this Order pursuant to 18 U.S.C. § 3583(e)(1).

Dated: January 15, 2010                    /s/ Edward J. Garcia
                                           Hon. EDWARD J. GARCIA
                                           UNITED STATES DISTRICT JUDGE

4